

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS M. SANTORA,                    )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )        No. 05 C 6391
                                      )
STARWOOD HOTEL AND RESORTS            )
WORLDWIDE, INC., individually and     )
d/b/a The LUXURY COLLECTION,          )
individually and d/b/a/ HOTEL         )
DANIELI - VENICE, and the HOTEL       )
DANIELI - VENICE,                     )
                                      )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Santora brought this action against Starwood Hotel and Resorts

Worldwide, Inc., The Luxury Collection, and Hotel Danieli-Venice, alleging negligence in

connection with injuries plaintiff sustained when he tripped and fell on a carpet runner while

staying at the Hotel Danieli-Venice in Venice, Italy. Plaintiff originally filed this action in the

Circuit Court of Illinois, and on November 8, 2005, defendant Starwood Hotel and Resorts

Worldwide, Inc. ("Starwood"), the only defendant thus far having filed an appearance,[1]

removed to this court pursuant to diversity jurisdiction. Defendant Starwood[2] now moves to

dismiss this action under the doctrine of *forum non conveniens*. For the reasons stated below,

we deny defendant's motion to dismiss.

---

[1] Starwood has not had any indication that plaintiff has served, or attempted to serve, either of the
remaining named defendants.

[2] As Starwood is the only defendant relevant to this motion, and in fact the only defendant having
filed an appearance, we refer to Starwood as "defendant."

## DISCUSSION

The doctrine of *forum non conveniens* allows us to dismiss a suit "'over which [we] would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice.'" In re Bridgestone/Firestone, Inc., 420 F.3d 702, 703 (7th Cir.2005) (*citing* Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 802 (7th Cir.1997)). Two seminal Supreme Court cases, Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947), *superseded by statute on other grounds, as explained in* American Dredging Co. v. Miller, 510 U.S. 443, 449, n. 2 (1994), and Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), set forth the guidelines for determining a *forum non conveniens* motion. In Gilbert, the Court set forth private and public interests to consider in analyzing such a motion. The private interests to consider are "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." 330 U.S. at 508. The Court also recognized that questions involving the enforceability of a judgment might come into play. *Id.* The Supreme Court, in Piper, summarized the public factors set forth in Gilbert: "the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." 454 U.S. at 241, n.6.

In deciding a *forum non conveniens* motion, the Seventh Circuit has set forth a two-part inquiry for us to follow. First, we must determine whether an adequate alternative forum is available. Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir.2003). Once it has been

determined that an adequate alternative forum exists, we weigh the private and public interests outlined above. *Id. See also* Hyatt Int'l. Corp. v. Coco, 302 F.3d 707, 718 (7th Cir.2002). Because neither party contests that the courts in Italy provide an adequate alternative forum, we turn now to the balancing of the factors set forth in Gilbert, and its progeny.

We start with the strong presumption that plaintiff's choice of forum should rarely be disturbed. Gilbert, 330 U.S. at 508; In re Bridgestone/Firestone, 420 F.3d at 704; Zelinski, 335 F.3d at 643; Hyatt, 302 F.3d at 718. Such is true especially where the plaintiff chooses his home forum. AAR Intern., Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 524 (7th Cir.2001); Kamel, 108 F.3d at 803; Wilson v. Humphrys (Cayman) Ltd., 916 F.2d 1239, 1245-47 (7th Cir.1990). In Koster v. (American) Lumbermans Mut. Cas. Co., 330 U.S. 518, 524 (1947), the Supreme Court explained:

> [Plaintiff] should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.

Therefore, defendant faces an uphill battle.

Defendant cites to Wilson, 916 F.2d at 1246, to suggest that plaintiff may have brought this action in Illinois in an effort to harass defendant -- a tactic we must police against. While we are aware that some plaintiffs do employ such ploys to harass defendants, we do not think that plaintiff is engaging in such action here. Plaintiff brought suit in his home forum, where his doctors are situated and his recuperation is occurring. *Cf.* Gilbert, 330 U.S. 501 (plaintiff was not a resident of New York; no event connected with the case took place there; and no

witness resided there).

With the presumption that plaintiff is the master of his complaint, we turn to the Gilbert factors. First, ease of access to sources of proof. The sources of proof that will go toward a finding of liability are located primarily in Italy. The witnesses at the scene of the accident and those medical personnel who immediately treated plaintiff are all located in Italy. Plaintiff, his family, and damages witnesses who can testify to plaintiff's long-term injuries are located in Illinois. For the witnesses, there will be costs associated with travel if the trial takes place either in Illinois or in Italy. Certain witnesses will be out of the reach of the court, regardless of where the trial is ultimately held. Italian witnesses are beyond the reach of this court. Illinois medical personnel cannot be compelled to go to Italy.

The parties disagree as to the usefulness of a view of the premises. If it is true that a view of the premises is important, however, this court can view pictures and video through the powers of modern technology. As we doubt that the Italian court would take a field trip to the hotel to view the actual hallway wherein plaintiff suffered his fall, we assume that any photographs or other pictures can be as easily viewed in Illinois as in Italy.

Finally, with regard to the private factors, we come to the practical concerns facing the parties and the court in resolving this dispute. It is clear that there will be a substantial burden on one party wherever this trial is ultimately held. We note, however, that plaintiff is an individual – an injured individual – with more limited means than defendant. Defendant is a multinational corporation, with hotels and resorts all over the world. Defendant, therefore, will have an easier time both physically attending the trial, and financing the cost of an overseas battle. Additionally, although there is some relationship to the Italian hotel, the defendant, Starwood, is a United States citizen with principal offices in New York. As the court noted in

Reid-Walen v. Hansen, 933 F.2d 1390, 1400 (8th Cir.1991), "[t]he [defendants'] position is weakened by the fact that they reside and solicit business in the United States." Therefore, analysis of the private factors places weights on both side of the scale.

We turn now to the public interest considerations. Defendant argues that Italy has a much greater interest in resolving this controversy because the injury occurred in an Italian hotel, owned by Italians. The plaintiff contends that Illinois has an equal, if not greater, interest because Illinois residents have an interest in deciding a dispute involving one of its own citizens and an interest in protecting their safety while traveling abroad. Both parties make valid points. Italian courts and citizens have an interest in maintaining safety in local hotels. See Colantonio v. Hilton Int'l Co., 2004 WL 1810291, *9 (E.D.Pa.2004) (Italy had a greater interest in resolving a dispute arising from a trip-and-fall occurring in Italy, where the operative facts of the dispute arose in Italy and the relationship between the parties was formed in Italy). Illinois courts and citizens also have an interest in providing a judicial forum for an injured resident, whether the injury occurred at home or abroad. See Wilson, 916 F.2d at 1246-47 (Indiana had an interest in resolving a dispute regarding an injury that occurred abroad where the tour was booked in Indiana for a group that left from Indiana); Reserve Capital, LLC v. CLB Dynasty Trust, 2006 WL 1037321, *10 (N.D.Ill.2006). We note that the Colantonio court used the fact that the parties' relationship was initially formed in Italy to weigh heavily in favor of the motion to dismiss for *forum non conveniens*. Contrarily, the Wilson court used the fact that the parties' relationship stemmed from a tour booked in Indiana to weigh against dismissal. The facts we have been given do not indicate whether plaintiff made his reservations at the Hotel Danieli-Venice from Illinois or not. Plaintiff does claim, however, that he received direct mailings from defendant soliciting business for defendant's hotels, including Hotel

Danieli-Venice (cplt., ¶ 6). As those solicitations were sent to plaintiff through his membership in the American Bar Association, we assume that they were received in the United States and, most likely, at defendant's home or office in Illinois. Because it is the defendant's burden to convince us that the motion should be dismissed, and defendant has not offered any indication that the relationship was entered into in Italy, we will assume that the relationship between the parties was initiated from Illinois. Therefore, under the guidance of the Wilson analysis, we find that Illinois courts and citizens have an interest in resolving this dispute, and that it would not be a burden to require Illinois citizens to perform jury duty for this action.

Defendant next argues that due to Illinois' use of the "significant relationship" test for tort choice-of-law questions, Italian law should be applied to this dispute. Plaintiff does not contend otherwise, and we agree that in our brief review of the choice-of-law factors, Italy appears to have the most significant relationship to the dispute. See Clark v. TAP Pharm. Products, Inc., 798 N.E.2d 123, 130 (Ill.App.Ct.2003) ("To determine the state of the most significant relationship, the forum considers the following contacts: (1) the place where the injury occurred; (2) the place where the conduct occurred; (3) the parties' domicile, nationality, place of incorporation, and place of business; and (4) the place where the parties' relationship is centered"). So, although that factor weighs on the side of dismissal, it is not in itself dispositive. See ISI Int'l, Inc. v. Borden Ladner Gervais, LLP, 316 F.3d 731, 732 (7th Cir.2003) ("Nor is a U.S. judge's desire to avoid the burden of mastering a new legal subject an adequate reason to send litigants packing"); P.H. Int'l Trading Co. v. Christia Confezioni S.p.A., 2005 WL 2420377, *6 (N.D.Ill.2005) (the fact that the Illinois court would have to apply Italian law pursuant to a choice-of-law provision was unpersuasive in deciding a motion to dismiss for forum non conveniens).

In concluding our <u>Gilbert</u> analysis, we find that there are factors weighing on both sides of the scale. It will be inconvenient for the plaintiff to litigate this dispute in Italy. Additionally, both parties are United States citizens and plaintiff has chosen Illinois as his preferred forum. On the other hand, it will be inconvenient for the Italian witnesses, some of whom are or may be beyond the control of the parties, to travel to the United States. The occurrence (as opposed to the damages) witnesses are located primarily in Italy and we will likely apply Italian law. We turn to analogous case law for guidance.

The facts of this case closely parallel the facts in <u>Reid-Walen</u>. In <u>Reid-Walen</u>, the Minnesota plaintiff was injured while she was vacationing in Jamaica. She brought suit against the owners of the hotel, citizens of Missouri, asserting violations of Jamaican statutory and common law. After a transfer from a district court in Florida, the District Court for the Eastern District of Missouri dismissed the case on the ground of *forum non conveniens*. Finding that the district court failed to give adequate weight to the plaintiff's choice of forum and the fact that both of the parties were United States citizens, the Eighth Circuit reversed. Like the plaintiff in this case, Ms. Reid-Walen was vacationing in Jamaica when she was injured on the premises of a Jamaican hotel. The case was governed by Jamaican law and defendant was unable to implead the Jamaican motorboat driver responsible for the incident causing the injury. The occurrence witnesses were primarily located in Jamaica, while the damages witnesses (doctors) were primarily located in Florida and Minnesota. The Eighth Circuit, in considering the <u>Gilbert</u> factors, reversed the district court's decision, holding that the lower court erred because it did not give proper deference to the plaintiff's chosen forum, failed to consider the plaintiff's practical ability to litigate in the foreign forum, and did not require defendants to produce adequate proof necessary to carry their burden of persuasion.

As defendants point out, the facts of their case also closely parallel the facts in Colantonio. Like the plaintiff in this case, the plaintiff in Colantonio was injured in a trip-and-fall accident at an Italian hotel. Also like the current plaintiff, the occurrence witnesses were located in Italy and the damages witnesses were located in Pennsylvania. The court was to apply Italian law, and there was a better likelihood of joining all of the potentially liable defendants in one action in Italy. In Colantonio, because the operative facts of the case arose in Italy, including the institution of the relationship between plaintiff and defendant, the court gave less deference to the plaintiff's choice of forum. Therefore, the court held that evaluation of the Gilbert factors weighed toward dismissal.

So we are faced with two analogous cases with opposite conclusions. We find our answer in yet another analogous case, Wilson. In that case, the plaintiff was injured when she was attacked on the premises of a Cayman Islands hotel, a licensee of Holiday Inns, Inc., which is a United States citizen. In Wilson, the Seventh Circuit refused to reverse the lower court's decision to deny a motion to dismiss based on *forum non conveniens*. The Circuit Court relied on another Eighth Circuit case, Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339 (8th Cir.1983), which was heavily relied upon in Wilson in coming to its conclusion. Although the operative facts of the case arose in the Cayman Islands, and many of the witnesses resided outside of the United States, the plaintiff's choice of forum, Indiana's interest in a suit that arose from an injury stemming from a tour booked in Indiana for Indiana residents, and the hardships that the plaintiff would encounter litigating the case in the Cayman Islands, led the Seventh Circuit to hold that the lower court did not abuse its discretion in denying the motion to dismiss under *forum non conveniens*.

After reviewing analogous case law and applying the Gilbert analysis to the facts of this

case, we find that while there are some reasons to litigate this case in Italy, those reasons are inadequate to succeed on a motion to dismiss for *forum non conveniens*. The fact that both parties are United States citizens, that plaintiff has chosen to litigate this dispute in his home forum, and that the relationship between the parties was initiated in the United States, leads us to conclude that defendant has failed to overcome the strong presumption that a plaintiff's home forum is a convenient forum. Therefore, we deny defendant's motion to dismiss for *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for *forum non conveniens* is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 15, 2006.