IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS M. SANTORA, )
)
    Plaintiff, )
)
vs. ) No. 05 C 6391
)
STARWOOD HOTEL AND RESORTS )
WORLDWIDE, INC., individually and )
d/b/a HOTEL DANIELI - VENICE, and )
the HOTEL DANIELI - VENICE, )
)
    Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Santora seeks leave of this court to file a second amended complaint naming additional defendants and alleging additional claims against the current defendant, Starwood Hotel and Resorts Worldwide, Inc. ("Starwood"). For the following reasons we grant plaintiff's motion in part and deny it in part.

### BACKGROUND

Plaintiff filed his original complaint against Starwood in the Circuit Court of Cook County, Illinois, alleging several state law claims arising from a trip-and-fall incident that occurred at the Hotel Danieli-Venice ("Hotel") in Italy, in 2004. Starwood removed the case to this district court and filed its answer on November 8, 2005. On March 2, 2006, it moved to dismiss the case pursuant to the doctrine of *forum non conveniens*, and included in its motion the affidavit of Massimilliano Macaione, Italian general counsel to Starwood, who stated that Starwood did not own, operate or control the Hotel at the time of plaintiff's injury, and that the Hotel was operated by CIGA S.R.L. and CIGA Gestinoi S.R.L. ("the CIGA

defendants"). Defendant's motion to dismiss was denied on May 15, 2006, and plaintiff was granted leave to amend his complaint to include these new defendants. Thereafter, on January 18, 2007, the CIGA defendants moved to dismiss plaintiff's complaint for lack of personal jurisdiction. That motion was granted on February 2, 2007.

On March 1, 2007, Starwood filed a motion for summary judgment, and on March 12, 2007, plaintiff initiated discovery against Starwood.[1] Unsatisfied with the content of defendant's response to plaintiff's interrogatories and requests for production, plaintiff filed a motion to compel, which was granted in part on June 21, 2007. As part of the discovery responses, plaintiff was tendered a letter which contained the general corporate structure of Starwood and its relation to the CIGA defendants. Included in that letter was information stating that at the time of the incident Starwood owned 100% of the stock of Sheraton International, Inc., which in turn wholly-owned Starwood Hotels Italia,[2] which, in turn, owned 100% of the CIGA defendants. Based on this information, plaintiff now seeks to add ITT Sheraton Corporation, Sheraton International, Inc. and Sheraton Hotels Italia S.R.L./Starwood Hotels Italia S.R.L. ("the Sheraton defendants") as parties to this action. In addition, plaintiff seeks to add two new counts against defendant Starwood: apparent agency liability and direct participation liability.

## ANALYSIS

After a responsive pleading has been served upon a party, that party may amend its

---

[1] Defendant had already initiated discovery against plaintiff prior to this date, seeking the deposition of plaintiff himself. Plaintiff cancelled this deposition on numerous occasions for reasons this court found unsatisfactory, ultimately resulting in sanctions against plaintiff.

[2] According to the letter, at the time of the incident Sheraton International directly owned 5.3% of Starwood Hotels Italia, and indirectly owned the remaining 94.7% through its wholly-owned subsidiary Starwood COGA Holdings, LLC.

pleadings by leave of the court or by written consent of the adverse party. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. Pro. 15. Courts may deny leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); Perrian v. O'Grady, 958 F.2d 192, 193 (7th Cir. 1992). Starwood argues that plaintiff's motion should be denied because he unduly delayed amending his complaint; the amendments would be futile; and they would cause Starwood undue prejudice.

## Undue Delay and Prejudice

Starwood argues that plaintiff has unduly delayed filing his amended complaint to include these new parties and allegations, and that granting plaintiff leave to amend at this point would unduly prejudice Starwood. Plaintiff notes that no briefing schedule has been set for Starwood's motion for summary judgment, and there is no trial date on the calendar. Further, plaintiff claims he could not have filed his amendments earlier because it was not until after Starwood responded to discovery that he had the information relating to its corporate structure. Starwood makes much of the fact that plaintiff initiated discovery eighteen months after filing his first complaint, and after Starwood filed its summary judgment motion. It argues that, regarding its corporate structure, plaintiff was put on notice of the facts he now alleges are "newly discovered." When Starwood filed its motion to dismiss it disclosed that it did not own or operate the Hotel. Additionally, Starwood argues that plaintiff's apparent agency liability claim is not based on newly discovered evidence, and could have been brought in plaintiff's initial pleadings. It claims that allowing plaintiff to

amend his complaint at this late stage would further delay a ruling on Starwood's motion for summary judgment – additional discovery may be needed and the new parties would most certainly want to file motions of their own.

We note at the outset that plaintiff has been dragging his feet in this case for some time. Plaintiff delayed the taking of his deposition time and time again, and was eventually sanctioned by this court for such conduct. Furthermore, we see no reason why plaintiff delayed engaging in discovery until after Starwood filed its motion for summary judgment. That being said, we are hesitant to hold plaintiff's delay alone as sufficient to deny him leave to amend his complaint, given the Seventh Circuit's position on the subject (Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 793 (7th Cir. 2004)(undue delay, standing alone, is not enough to deny leave to amend)), and given the liberal standard of Rule 15. While in some situations a prolonged and unexplained delay may result in a denial of leave to amend (*see* Profile Racing, Inc. v. Profile for Speed Inc., No. 93 C 5175, 1995 U.S. Dist. LEXIS 13187 (N.D. Ill. Sept. 8, 1995)), the courts generally focus on the combination of delay and resulting undue prejudice to the non-moving party. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971).

While we agree with Starwood that plaintiff could have, and should have, discovered Starwood's corporate structure prior to receiving the letter (this court was able to ascertain the information in about 30 seconds through a Google search), we find that this delay standing alone is insufficient to deny plaintiff leave to amend. Plaintiff also received in discovery a management contract between the Hotel and the Sheraton defendants, putting plaintiff on notice of a more significant relationship between the two. Furthermore, we find that Starwood will not be unduly prejudiced by the addition of these new parties as no briefing schedule has

been set on its motion for summary judgment and the discovery period has not yet closed.³

The same can be said for plaintiff's newly asserted causes of action. Both counts arose out of the same set of facts as those previously asserted. Plaintiff's claim of negligent direct participation by Starwood was recognized as a cause of action just this year, and so it was not possible for plaintiff to have asserted it sooner. *See* Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999). With regard to his apparent agency claim, we agree with Starwood that plaintiff appears not to have relied on any newly discovered facts in formulating this count, and thus could have brought it in his original complaint. Plaintiff does not argue that he relied on information gleaned in discovery, but argues that Starwood will not be prejudiced by the addition of this count. We agree. It arises out of the same facts and circumstances as the other counts, and while Starwood may be required to engage in a bit of additional discovery and briefing, we find that alone it is insufficient evidence of undue prejudice, especially where, as here, discovery has not closed nor a trial date been set in this matter.⁴ United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank & Trust Co., 889 F.2d 1248 (2d Cir. 1989)(adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading). Starwood has not offered sufficient evidence of prejudice to warrant denial of plaintiff's motion.

Futility

Next, we must determine whether plaintiff's proposed amendments would be futile, which Starwood argues they would be. Starwood first argues that plaintiff's inclusion of the

---

³We address any prejudice to the added parties in the section on futility of the amendment.

⁴We presume that by granting plaintiff leave to amend – which may require additional discovery– he will comply with all discovery requests in a timely manner, including his re-deposition by Starwood, if needed.

Sheraton defendants would be futile because the statute of limitations has run against those defendants. Plaintiff asserts that the addition of these parties "relates back" to the date of the filing of the original complaint under Rule 15(c).

For an amendment that changes a party against whom a claim is asserted to relate back to the original date of filing, three prerequisites must be satisfied. First, the amended claim must arise out of the same occurrence set forth in the original pleading. Second, within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the purported substitute defendant must have or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Wood v. Worachek, 618 F.2d 1225 (7th Cir. 1980).

Starwood appears to concede that plaintiff has satisfied the first prerequisite, as his addition of new claims and parties stems from the same occurrence as his original complaint. However, Starwood argues that the second two prerequisites have not been met.

Defendant first argues that the Sheraton defendants would be prejudiced by their late addition as parties to this action because they were not afforded notice of their involvement prior to the expiration of the statute of limitations. The Seventh Circuit has held that "prejudice within the meaning of the rule is prima facially established where a party named as an additional defendant in the amended complaint is deprived of the defense of the statute of limitations," but that "prejudice may not come into existence [ ] if the added defendant has had sufficient notice of the institution of the action . . . within the limitations period or if a sufficient identity of interest exists between the new defendant and the original one so that relation back would not be prejudicial." Norton, 627 F.2d at 20-21. A court may find it

reasonable to impute to the new defendant notice provided to the original party if there is a sufficient identity of interest between them. Plaintiff asserts that such identity of interest exists here.

Professors Wright and Miller state that identity of interest may be present, for example, "between a parent and a wholly owned subsidiary, as well as between related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their business from the same offices." 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1499 (2d ed. 1990). Plaintiff relies on this first example for his argument that identity of interest exists here as the Sheraton defendants are wholly-owned subsidiaries of Starwood. Numerous cases have cited Wright and Miller for the proposition that the parent/subsidiary relationship is sufficient evidence of an identity of interest. *See e.g.* Hernandez Jimenez v. Calero Toledo, 604 F.2d 99 (1st Cir. 1979); Allied Int'l Inc. v. Int'l Longshoremen's Assoc., 814 F.2d 32 (1st Cir. 1987); Travelers Indemnity Co. v. United States ex rel Construction Specialties Co., 382 F.2d 103 (10th Cir. 1967); U.S. ex rel Aldridge Elec. Co., v. Pickus Construction & Equip. Co., Inc., No. 98 C 3261, 2000 U.S. Dist. LEXIS 1511 (N.D. Ill. 2000); Zimmer v. United Dominion Industries, Inc., 193 F.R.D. 620 (W.D. Ark. 2000); E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 621 F. Supp. 310 (D. Del. 1985); Horwitt v. Longines Wittnauer Watch Co., 388 F. Supp. 1257 (S.D.N.Y. 1975). Wright and Miller, in turn, has cited a number of the cases above for the same proposition, though often noting that they cite Wright and Miller. Thus it appears that we have a chicken-and-egg problem regarding the origin of this proposition. This would not be a problem but for a string of other cases holding that the parent/subsidiary relationship, standing alone, is not enough to create an identity of interest such that the new party could be assumed to have

received notice in the requisite time frame. In re Allbrand Appliance & Television Co., 875 F.2d 1021 (2nd Cir. 1989); Arendt v. Vetta Sports, Inc., No. 95 C 5169, 1996 U.S. Dist. LEXIS 50 (N.D. Ill. 1996); Novakovich v. Leeds & Northrup Co., No. 89 C 221, 1990 U.S. Dist. LEXIS 12352 (N.D. Ill. 1990); In re Integrated Resources Real Estate Ltd. P'ships Sec. Lit., 815 F. Supp. 620 (S.D.N.Y. 1993). These decisions point out that in a number of the cases where identity of interest was found, the courts did not simply rely on a parent/subsidiary relationship between the parties, but also considered other evidence of the proximity of that relationship, such as unity of officers or directors, operations occurring at the same address, or employment of the same attorneys or agents for service. *See e.g.* Travelers, 382 F.2d at 106. In light of the breadth of this consideration, these other courts have held that the simple act of ownership alone is not enough to impute notice to the new defendant, and that Wright and Miller "perhaps too optimistically state[d]" that it was. In re Allbrand, 875 F.2d at 1025; In re Integrated Resources, 815 F. Supp. at 646; Arendt, 1996 U.S. Dist. LEXIS at 7 n.1. While most of these cases deal with the question of whether notice to the subsidiary can be imputed as notice to the parent company, at least one court in this circuit has held that notice to a parent company is insufficient to impute notice to its subsidiary where no evidence of an identity of interest is present except ownership. Novakovich, 1990 U.S. Dist. LEXIS 12352, *11 n.3.

In the instant case, plaintiff provides no detail about Starwood's relationship to the Sheraton defendants besides the letter stating that they are wholly-owned by Starwood, and a management contract between the CIGA defendant and Sheraton Hotels Italia ("SRI"). Furthermore, Starwood is a Maryland corporation and the Sheraton defendants are incorporated in Delaware, but plaintiff does not mention the location of either of their principal places of business.

It is clear that SRI would have been on notice that, but for plaintiff's mistake, it would have been a proper defendant in this action. It not only owned 100% of the CIGA defendants, but entered into a management contract with those defendants whereby SRI operated the Hotel. This type of close relationship would have put SRI on notice of the action such that it could not claim prejudice by plaintiff's amendment. As for the other defendants, Sheraton International and Starwood COGA Holdings, we are not as sure about their role in this proceeding. While Sheraton International and Starwood COGA Holdings do appear to be in financial privity with SRI and CIGA, we have already held that this financial ownership is not enough. The lending of name and prestige to the Hotel alone, without some sort of direct involvement, is not enough to confer notice, and we simply do not have information as to their structural relationship to the other defendants. We do not have information as to the make-up of their board of directors or officers, or any of the other indicators of a relationship that is in sufficient proximity to confer notice for purposes of adding them as defendants. That being said, we err on the side of caution and permit plaintiff to add these defendants for now, while noting that they may move to dismiss upon a showing that a sufficient relationship to impute notice does not exist or, in the case of SRI, personal jurisdiction is lacking.

Starwood also argues that plaintiff fails to satisfy the third requirement because he fails to make any showing that he mistakenly misidentified the parties in his original complaint. Plaintiff states in his response that his failure to identify the Sheraton defendants in his original complaint was undoubtedly a mistake because at that time he did not know Starwood's corporate structure. There was, however, no mistake if the Sheraton defendants were not the direct operator. Again, however, we think it premature to deny adding them when plaintiff alleges the direct involvement, although it may well be that they will be entitled to dismissal upon a more fully developed record.

Next, Starwood argues that plaintiff's new claim of apparent agency is futile because this cause of action has been limited in Illinois to the medical malpractice context. We disagree. Under the doctrine of apparent agency, "a principal can be held vicariously liable in tort for injury caused by the negligent acts of his apparent agent if the injury would not have occurred but for the injured party's justifiable reliance on the apparent agency." O'Banner v. McDonald's Corp., 173 Ill. 2d 208 (Ill. 1996). While it is true that certain elements of apparent agency liability, such as reliance, are treated differently in the health care context than in other contexts (*see* Mohanty v. St. John Heart Clinic, S.C., 225 Ill. 2d 52, 99 (Ill. 2006)), there is nothing in the cases Starwood cites remotely indicating that Illinois courts have limited this doctrine to medical malpractice cases. In fact, one case cited by Starwood involved a slip-and-fall at a McDonald's. *See* O'Banner, 173 Ill. 2d 208. Simply because the court found summary judgment against plaintiff appropriate does not imply that the cause of action was futile. *See also* O'Banner v. McDonald's Corp., 273 Ill. App. 3d 588, 594 (Ill. App. Ct. 1995).

Finally, Starwood argues that plaintiff's new claim of direct participation liability is futile because plaintiff's allegations do not sustain his claim. The general rule is that a parent corporation is not liable for the acts of its subsidiaries. United States v. Bestfoods, 524 U.S. 51, 61 (1998). However, the Illinois Supreme Court has recently joined a number of other courts in recognizing that "where there is evidence sufficient to prove that a parent company mandated an overall business and budgetary strategy *and* carried that strategy out by its own specific direction or authorization, surpassing the control exercised as a normal incident of ownership in disregard for the interests of the subsidiary," the parent company could face liability. Forsythe v. Clark USA, Inc., 224 Ill.2d 274, 290 (Ill. 2007). The court held that "the key elements . . . are a parent's specific direction or authorization of the manner in which an activity is undertaken and foreseeability." *Id.* Thus, if a parent company specifically directs

an activity where injury is foreseeable, that parent could be held liable. Similarly, if a parent company mandates an overall course of action and then authorizes the manner in which specific activities contributing to that course of action are undertaken, it can be liable for foreseeable injuries. *Id.* Plaintiff alleges that Starwood required Sheraton International, Inc. to operate the Hotel pursuant to Starwood's overall business strategy and pursuant to a set of operating standards for this line of hotels. These operating standards required all of the Hotel's employees, including housekeeping staff, to complete training sessions implemented by Starwood. The standards set forth a number of distinct requirements with which Hotel employees had to comply, such as making eye contact with guests at ten feet, greeting them at five feet, and walking five steps with guests when directing them within the building. The standards also required that common areas be marked to indicate elevation change, that mats and carpet runners be used to prevent slippage, that all public areas be clean and in excellent condition, and that all floors be marble, granite, wood, ceramic or carpet. Plaintiff alleges that the specificity of these operating standards is evidence of Starwood's direct participation in the day-to-day activities of the Hotel, and as such makes Starwood liable for plaintiff's injury through its direct participation. We disagree.

Plaintiff fails to state a claim for direct participation liability because plaintiff fails to allege how the operating standards he cites contributed in any way to his injury. Regardless of whether the imposition of these operating standards would be sufficient to demonstrate the level of control required for a direct participation claim, plaintiff fails to allege the other required element: foreseeability. There is no allegation that Starwood directed Sheraton, or any other party, to install carpet runners in such a way that there would be a risk of "humping up," such as demanding that carpet runners be installed without sticky backing. In fact, in his complaint plaintiff concedes that the standards required carpet runners to be put in place

"to prevent slippage." Without any allegation that the specific requirements of the operating standards contributed to plaintiff's injury, he cannot maintain a claim for direct participation liability, and thus is denied leave to amend to add such a claim.

## CONCLUSION

For the foregoing reasons, we grant plaintiff leave to amend his complaint to add the Starwood defendants and to add Count V. We deny plaintiff leave to amend, to add Count VIII.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 16, 2007.