UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS M. SANTORA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARWOOD HOTEL AND RESORTS ) <br> WORLDWIDE, INC., Individually and d/b/a ) <br> The LUXURY COLLECTION, Individually and ) <br> d/b/a HOTEL DANIELI – VENICE, and ) <br> SHERATON INTERNATIONAL, INC., ) <br> Individually and d/b/a ITT SHERATON ) <br> CORPORATION individually and d/b/a ) <br> SHERATON HOTELS ITALIA S.R.L./ ) <br> STARWOOD HOTELS ITALIA S.R.L. ) <br> Individually ) <br> ) <br> Defendants ) | No. 05 C 6391 |

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Defendant, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood Worldwide"), incorrectly sued as STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., Individually and d/b/a THE LUXURY COLLECTION, Individually and d/b/a HOTEL DANIELI – VENICE, by its attorneys, Cozen O'Connor, and pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, files this memorandum of law in support of its motion for summary judgment with respect to Count V of Plaintiff's Second Amended Complaint.

## INTRODUCTION

Plaintiff filed a Second Amended Complaint against Starwood Worldwide and others alleging that he suffered personal injuries in June 2004 after slipping and falling over a rug at the Hotel Danieli –Venice in Venice, Italy. Plaintiff's Second Amended Complaint further alleges

that Defendants were guilty of negligence in failing to properly secure the carpet to prevent it from "humping up" and in failing to adequately warn Plaintiff of this alleged hazard. (Ex. A.)[1]

Plaintiff originally filed this action in the Circuit Court of Cook County, Illinois ("Circuit Court"). On November 8, 2005, Starwood Worldwide filed its Notice of and Petition for Removal based on diversity jurisdiction in the United Stated District Court for the Northern District of Illinois, Eastern Division ("District Court") to remove this action from the Circuit Court to the District Court. Starwood Worldwide also filed its Answer and Affirmative Defenses to the Complaint. Plaintiff filed his appearance in the District Court on November 15, 2005.

On May 25, 2006, Plaintiff filed an Amended Complaint adding CIGA S.R.L. ("CIGA") and GESTIONI S.R.L. ("GESTIONI") as Defendants. On February 2, 2007, the Court dismissed CIGA and GESTIONI for lack of personal jurisdiction.

On November 13, 2007, Plaintiff filed a Second Amended Complaint.[2] Count V of the Second Amended Complaint alleges that the Hotel Danieli – Venice was Starwood Worldwide's apparent agent. Starwood Worldwide brings this motion for partial summary judgment on the grounds that Plaintiff cannot satisfy any of the elements needed to prove the existence of an apparent agency relationship between Starwood Worldwide and the Hotel Danieli – Venice.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, show there is no genuine issue of material fact. Such a showing entitles the moving party to judgment as a matter of law. Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Lucas v. Chicago

---

[1] References are made to the Exhibits attached to Starwood Worldwide's Statement of Undisputed Facts in Support of its Motion for Partial Summary Judgment.

[2] Plaintiff's Second Amended Complaint named several new parties as Defendants who are not at issue in the present motion.

Transit Auth., 367 F.3d 714, 720 (7th Cir. 2004). A genuine issue of material fact exists only when a reasonable fact finder could find for the non-moving party, based on the record as a whole. The court does not weigh the evidence and it does not make credibility determinations. Instead, the court makes all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000); EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 436 (7th Cir. 2000). If a party fails to present proof on an essential element of his or her case, then all other facts become necessarily immaterial. Ribando v. United Airlines, Inc., 200 F.3d 507, 509 (7th Cir. 1999).

To demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992). Only material facts will preclude summary judgment; irrelevant or unnecessary facts do no preclude summary judgment even when they are in dispute. Anderson, 477 U.S. at 248-49. If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law. Miranda v. Wis. Power & Light Co., 91 F.3d 1011, 1014 (7th Cir. 1996).

### ARGUMENT

**II. NO APPARENT AGENCY RELATIONSHIP EXISTED BETWEEN STARWOOD WORLDWIDE AND THE HOTEL DANIELI – VENICE**

Starwood Worldwide did not own or operate the property at which Plaintiff's accident occurred. (Ex. B.) Consequently, Starwood Worldwide would not owe any duty to Plaintiff and could not be held liable for his alleged injuries. See Wiedman v. Cunard Line Ltd., 62 Ill.App.3d 1023, 380 N.E.2d 932 (1st Dist. 1978) (holding that corporation that does not own, operate, maintain or control the premises on which the plaintiff was injured does not owe a duty

of care to protect the plaintiff from harm). Now, in Plaintiff's misdirected attempt to hold Starwood Worldwide liable for his injuries, he seeks to prove an apparent agency relationship between Starwood Worldwide and the Hotel Danieli – Venice. Plaintiff's efforts to impose liability on Starwood Worldwide should fail, however, because none of the indicia of apparent agency exist between Starwood Worldwide and the Hotel Danieli – Venice.

Under Illinois law, an apparent agency exists if (1) the principal consents to or knowingly acquiesces in the agent's conduct; (2) a third party has a reasonable belief that the agent possesses authority to act on the principal's behalf; and (3) the third party relied to his detriment on the agent's apparent authority. Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 859 (7th Cir. 2001). As the Supreme Court of Illinois stated in the seminal case of Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 622 N.E.2d 788 (1993):

> [a] principal will be bound by not only that authority which he actually gives to another, but also by the authority which he appears to give. Apparent authority in an agent is the authority which the principal knowingly permits the agent to assume, or the authority which the principal holds the agent out as possessing. It is the authority which a reasonably prudent person, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.

Id. at 795.

The doctrine is based on the principles of estoppel. O'Banner v. McDonald's Corp., 173 Ill.2d 208, 213, 670 N.E.2d 632, 634 (1996). If a principal creates the appearance that someone is his agent, he should not then be permitted to deny the agency if an innocent third party reasonably relies on the apparent agency and is harmed as a result. Id. A principal can be held vicariously liable in tort for injury caused by the negligent acts of his apparent agent if the injury would not have occurred but for the injured party's justifiable reliance on the apparent agency. Id.

4

Essential to the existence of apparent agency is the conduct of the principal toward the third party. An agent's apparent authority can only be determined by evaluating the principal's conduct toward the third party. Bethany Pharmacal, 241 F.3d at 859. The principal must do something to lead the third party to believe that the agent is authorized to act on behalf of the principal. Id. at 859-60. The agency cannot spring unilaterally from the words or actions of the agent alone. Id.

### A. Starwood Worldwide Did Not Authorize the Hotel Danieli – Venice to Act as Its Agent

The first element of proof Plaintiff must establish prove apparent agency is Starwood Worldwide's consent to the Hotel Danieli - Venice's exercise of authority on behalf of Starwood Worldwide. Bethany Pharmacal, 241 F.3d at 859. No evidence of such consent exists in the record.

At Plaintiff's deposition, he speculated that Starwood Worldwide consented to have the Hotel Danieli - Venice act on Starwood Worlwide's behalf. His mistaken belief on this issue stems exclusively from the fact that he was able to redeem his Starwood Worldwide Preferred Guest points to reserve a room at the Hotel Danieli – Venice. (Ex. C at 67-68; Ex. D at 7.) Notwithstanding Plaintiff's incorrect and inadmissible speculation, he has not produced any competent evidence to prove the first element of his apparent agency theory.

Both the principal and the apparent agent must mutually contribute to the creation of an apparent agency relationship. In the absence of some expression of consent by the principal, either through words or actions, the apparent agent is not at liberty to unilaterally act on behalf of the principal. Opp v. Wheaton Van Lines, Inc. 231 F.3d 1060, 1065 (7th Cir. 2000). Moreover, the conduct of the principal establishing consent must be directed toward the third party alleging apparent agency. Bethany Pharmacal, 241 F.3d at 859.

Starwood Worldwide did not perform any conduct or make an expression of consent *toward Plaintiff* that suggested that the Hotel Danieli – Venice was Starwood Worldwide's agent. The record is entirely silent on this issue. Indeed, Plaintiff did not provide any testimony that he ever had *any* contact with Starwood Worldwide such that he reasonably believed that the Hotel Danieli – Venice was Starwood Worldwide's apparent agent. Even when he speculated about the significance of his ability to redeem his Starwood Worldwide Preferred Guest points for a reservation at the Hotel Danieli – Venice, he never offered any testimony regarding any direct contact that he had with Starwood Worldwide. On the contrary, Plaintiff testified without exception that he made all of his travel arrangements for his vacation to Italy exclusively through a travel agent. (Ex. C at 71; Ex. D at 11-12.) He never had any direct contact with Starwood Worldwide whatsoever.

Case law in the Seventh Circuit demands a direct link between the principal's conduct and the third party's reasonable reliance on that conduct to create an apparent agency. In Leon V. Caterpillar Industrial, Inc., 69 F.3d 1326 (7th Cir. 1995), the purchaser of a forklift attempted to hold the manufacturer liable for the modifications to the forklift made by the retailer. The purchaser alleged that the dealer was the apparent agent of the manufacturer. Id. at 1336.

The court noted the first element of the general rule of apparent agency in Illinois.

> [T]he manifestation is one made by the principal to a third party who in turn is instilled with a reasonable belief that another individual is an agent of the principal. The essential element being there must be some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party. Manifestations or statements made by the agent are not sufficient to create an apparent agency relationship.

Id. at 1336.

6

In rejecting the purchaser's apparent agency theory, the court observed that the purchaser and the retailer negotiated the forklift design alterations to the exclusion of the manufacturer. Id. at 1337. Accordingly, without a link between the manufacturer and the purchaser and even though the manufacturer possessed knowledge of the design alterations, the retailer could not be considered an apparent agent of the manufacturer. Id.

Similarly, the evidence in the present case is undisputed that Starwood Worldwide did not have any contact with Plaintiff regarding his travel to Italy. By Plaintiff's own admission, he made his travel plans with his travel agent. (Ex. C at 71; Ex. D at 11-12.) In fact, the record does not demonstrate that Plaintiff had any direct contact with Starwood Worldwide at any time regarding his travel to Italy or any other issue. Without any direct contact between Plaintiff and Starwood Worldwide, Plaintiff cannot satisfy the first element of an apparent agency theory.

### B. Any Belief that Plaintiff Possessed That the Hotel Danieli – Venice was Starwood Worldwide's Agent Was Entirely Unreasonable

The second necessary element of proof Plaintiff must establish to prove apparent agency is his reasonable belief that the Hotel Danieli – Venice was Starwood Worldwide's agent. Plaintiff's mistaken belief on this issues was unreasonable as a matter of law.

Plaintiff testified at his deposition that he assumed that Starwood Worldwide and the Hotel Danieli – Venice were separate and independent corporate entities. (Ex. D at 9.) In light of such an admission, any belief that Plaintiff had that the Hotel Danieli – Venice was acting as Starwood Worldwide's agent was entirely unreasonable. The record does not contain any evidence on which Plaintiff could even base a reasonable belief that the Hotel Danieli – Venice was an agent of Starwood Worldwide. Plaintiff's subjective belief – even if sincere – has no basis in reality and amounts to nothing more than Plaintiff's unfounded and incorrect speculation.

Plaintiff' belief that the Hotel Danieli – Venice was Starwood Worldwide's agent must be grounded in some evidentiary foundation to be reasonable. See Sphere Drake Ins., Ltd. v. American Gen. Life Ins. Co., 376 F.3d 664, 673-74 (7th Cir. 2004); Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 860 (7th Cir. 2001). No factual foundation exists on which Plaintiff can base his claim that he reasonably believed that the Hotel Danieli – Venice was acting as an agent for Starwood Worldwide. Plaintiff was aware of only one tenuous connection between the hotel and Starwood Worldwide – the fact that he could redeem his Starwood Worldwide Preferred Guest points to reserve a room at the hotel. On this thin reed Plaintiff clings to his contention that the hotel was Starwood Worldwide's agent.

As a matter of law, Plaintiff's ability to redeem his Preferred Guest points is not sufficient to create an agency relationship between Starwood Worldwide and the Hotel Danieli – Venice. Plaintiff has not offered any other factual support to substantiate his belief that the hotel was an agent for Starwood Worldwide. His single contention does not demonstrate the indicia of an agency relationship. Plaintiff did not make any observations while visiting the hotel that suggested it had any connection to Starwood Worldwide. (Ex. D at 15-17.) Nor did he ever receive any documents which demonstrated any relationship between the hotel and Starwood Worldwide. (Ex. D at 12-13.)

Plaintiff's belief that the Hotel Danieli – Venice was the agent of Starwood Worldwide amounted to little more than a guess. Plaintiff did not have any direct contact with Starwood Worldwide to plan his vacation to Italy. (Ex. C at 71; Ex. D at 11-12.) Plaintiff made his ultimately mistaken belief that the hotel was acting as Starwood Worldwide's agent in a factual vacuum. Without any reasonable factual foundation to corroborate his misguided belief,

Plaintiff's assumption that the Hotel Danieli – Venice was an agent of Starwood Worldwide was demonstrably unreasonable.

### C. Plaintiff Did Not Rely to His Detriment on the Hotel Danieli- Venice's Apparent Agency

Plaintiff also fails to satisfy his burden to prove the third element of apparent agency. To succeed on this theory, Plaintiff must prove that he relied to his detriment on his mistaken belief that the Hotel Danieli – Venice was Starwood Worldwide's agent. See Oliveira-Brooks v. Re/Max Int'l, Inc., 372 Ill.App.3d 127, 137-38, 865 N.E.2d 252, 260-61 (1st Dist. 2007).

The element of detrimental reliance requires Plaintiff to prove that the injury would not have occurred "but for" the acts of the principal that created the impression of agency in Plaintiff's mind. O'Banner v. McDonald's Corp., 173 Ill.2d 208, 670 N.E.2d 632 (1996). Plaintiff's testimony on this issue does not meet the threshold to prove apparent agency. Detrimental reliance requires Plaintiff to show that Starwood Worldwide's actions somehow induced him to stay at the Hotel Danieli – Venice. Plaintiff testified that he is not sure if he would have stayed at the hotel "but for" his ability to redeem his Preferred Guest points. Plaintiff's verbatim testimony is as follows:

> Q: Would you have stayed at the Hotel Danieli – Venice if you hadn't accumulated Starwood Worldwide points?
>
> A: I don't know. Because, again, I asked for a hotel. I didn't ask for a Danieli. I asked for Starwood to give me a hotel in Venice.

(Ex. D at 18.)

In O'Banner, the Supreme Court of Illinois affirmed summary judgment on behalf of a franchise restaurant where the plaintiff could not establish detrimental reliance. Plaintiff filed an action for personal injuries after he fell in the bathroom at the restaurant. Id. at 209. The

plaintiff did not allege that he relied to his detriment on the principal's actions. In the Supreme Court's view, the fact that the plaintiff ended up at the restaurant was entirely fortuitous.

> No amount of liberal construction can alter the fact that the record before us is devoid of anything remotely suggesting that the necessary reliance was present here. The pleadings and affidavit submitted by O'Banner in the circuit court state only that he slipped and fell in the restroom of a McDonald's restaurant. They give no indication as to why he went to the restaurant in the first place. The fact that this was a McDonald's may have been completely irrelevant to his decision.

Id. at 214.

Plaintiff's attempt at proving detrimental reliance falls as equally short of the mark as the plaintiff in O'Banner. Plaintiff in the present case does not know why he went to the Hotel Danieli – Venice. It was simply one of many hotels at which he could redeem his Preferred Guest points. Nothing in the record suggests that he purposefully selected the hotel over any other hotel at which he could have redeemed his Preferred Guest points. Moreover, the record is likewise silent as to what actions on the part of Starwood Worldwide induced Plaintiff to select the Hotel Danieli – Venice. The dearth of evidence on the element of detrimental reliance – like the dearth of evidence on the other two elements of apparent agency – compels the conclusion that Plaintiff's apparent agency theory should fail.

## CONCLUSION

Plaintiff's apparent agency theory does not have any support in the factual record. The evidence reveals that Starwood Worldwide did not commit any acts that could have created an impression in Plaintiff's mind that the Hotel Danieli – Venice was the apparent agent of Starwood Worldwide. Plaintiff never even had any direct contact with Starwood Worldwide. For the same reason, any sincere belief that Plaintiff held regarding the authority of the hotel to act on behalf of Starwood Worldwide was unreasonable. Finally, because Plaintiff did not suffer

his injury but for the actions of Starwood Worldwide, he cannot satisfy the element of detrimental reliance. For the foregoing reasons, Starwood Worldwide's motion for partial summary judgment should be granted.

          Respectfully submitted,

          COZEN O'CONNOR

Dated: December 21, 2007          By:   /s/ Bruce M. Lichtcsien
          One of the Attorneys for Defendant,
          Starwood Hotels & Resorts Worldwide, Inc.

Bruce M. Lichtcsien
Cozen O'Connor
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois 60606
(312) 382-3100

CHICAGO\568779\1 179270.000

11