

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS M. SANTORA, )
)
    Plaintiff, )
)
vs. ) No. 05 C 6391
)
STARWOOD HOTEL AND RESORTS )
WORLDWIDE, INC., etc., et al., )
)
    Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Santora brings this action against Starwood Hotel and Resorts Worldwide, Inc. ("Starwood"), The Luxury Collection, the Hotel Danieli-Venice, Sheraton International, Inc., ITT Sheraton Corp., and Sheraton Hotels Italia, alleging negligence in connection with injuries plaintiff sustained when he tripped and fell on a carpet runner while staying at the Hotel Danieli-Venice ("Hotel") in Venice, Italy. Starwood moves for partial summary judgment as to plaintiff's agency claim against it. For the following reasons we deny Starwood's motion.

First, we address Starwood's argument that plaintiff's response should be stricken for failure to comply with the local rules. Specifically, though responding to Starwood's statement of material facts, plaintiff has failed to put forth his own statement of facts supporting the denial of summary judgment as required by Local Rule 56.1. Instead, he simply offered his additional facts in his response. Plaintiff did provide support for these facts in the form of admissible evidence, and did adequately respond to Starwood's statement of facts. Starwood is correct that district courts are "entitled to expect strict compliance with Rule 56.1." Ammons v. Aramark Uniform Services Inc., 368 F.3d 809, 817 (7th cir. 2004). However, "the decision

whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." Higbee v. Sentry Ins. Co., 2003 U.S. Dist. LEXIS 17168 (N.D. Ill. Sept. 24, 2003) quoting Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995). While we agree with Starwood that plaintiff has failed to comply with Rule 56.1, we decline to strike plaintiff's response. The record here is slim, plaintiff adequately admitted or denied each of Starwood's material facts, and all additional facts cited by plaintiff were supported by citations to the record.[1] We find this adequate, though we caution plaintiff to comply with the local rules for all additional briefing before this court.

Summary judgment is proper where the pleadings and evidence present no genuine issues of fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (U.S. 1986). We evaluate admissible evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Plaintiff alleges that Starwood is liable for his injuries because the Hotel was Starwood's agent. Starwood argues that summary judgment is appropriate because plaintiff has failed to provide evidence of an agency relationship between Starwood and the Hotel.

Plaintiff asserts an agency relationship existed between the Hotel and Starwood under the theory of "apparent authority." Illinois[2] has long recognized the doctrine of apparent authority, which refers to a type of agency relationship.

---

[1] Starwood did not file a response to plaintiff's facts, instead arguing that they should be stricken. Since the record is slim, instead of requiring Starwood to file a response we will rely on the parties' exhibits and the record generally to determine whether a genuine issue of fact exists.

[2] Earlier, in its motion for *forum non conveniens*, Starwood argued that Italian law applied to this action. Santora v. Starwood Hotel & Resorts Worldwide, Inc., 2006 U.S. Dist. LEXIS 34080, *10-11 (N.D. Ill. May 15, 2006). At the time, plaintiff did not appear to disagree. *Id.* Both parties seem to have abandoned the issue, instead citing Illinois law throughout the present briefs. Since the issue was not squarely addressed in our previous opinion, our statement on the subject did not become the law of the case. Therefore, any argument that Italian law should apply has since been waived by Starwood. *See* 18B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002)("Actual decision of an issue is required to establish the law of the case.")

> A principal will be bound by not only that authority which he actually gives to another, but also by the authority that he appears to give. Apparent authority in an agent is the authority which the principal knowingly permits the agent to assume, or the authority which the principal holds the agent out as possessing. It is the authority which a reasonably prudent person, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. Where the principal creates the appearance of authority, the principal will not be heard to deny the agency to the prejudice of an innocent party, who has been led to rely upon the appearance of authority in the agent.

Gilbert v. Sycamore Mun. Hosp., 156 Ill. 2d 511, 523 (Ill. 1993)(citations omitted). In order to demonstrate that an agency relationship existed between the Hotel and Starwood, plaintiff must first show that Starwood or the Hotel acted in a manner that would lead a reasonable person to conclude that the Hotel was an agent of Starwood. *Id.* at 525. Where the acts of the Hotel create the appearance of authority, plaintiff must also prove that Starwood had knowledge of and acquiesced in them. *Id.* Finally, plaintiff must show that he acted in reliance upon the conduct of the Starwood or the Hotel, consistent with ordinary care and prudence. *Id.* Whether an agent is authorized to act is a question of fact. Gilbert, 156 Ill. 2d at 524. Likewise, whether a person has notice of the lack of an agent's authority, or is put on notice by circumstances, is a question of fact. *Id.*

Starwood argues that plaintiff has not produced any evidence to support a jury finding of an agency relationship between Starwood and the Hotel. We disagree. First, there is evidence that Starwood and the Hotel acted in a way to lead a reasonable person to believe Hotel was an agent of Starwood. Starwood's platinum preferred guest card, mailed to plaintiff, listed the Luxury Collection as one of the collection of hotels in the Starwood Family. (plf. exh. 2). A number of other exhibits offered by plaintiff demonstrate that the Hotel is part of the Luxury Collection. The Hotel reservation confirmation faxed to plaintiff's travel agent plainly listed the Hotel as a member of the Luxury Collection, and had a designated space to

list plaintiff's "Starwood Preferred Guest Number." (plf. exh 9). Another letter from the Hotel shows that the Hotel's banquet services e.mail is "@starwoodhotels.com." (plf. exh. 10). The bottom of the stationary, likewise, says "The Luxury Collection, Starwood Hotels & Resorts." (Id.). Another e.mail exchange between plaintiff's travel agent and a representative of the Hotel also lists the representative's e.mail address as "@starwoodhotels.com." (plf. exh. 13 p.2). Finally, Starwood's webpage lists the Hotel as one of its premiere hotels in the Luxury Collection. (plf. exh. 16)

Furthermore, Plaintiff's Starwood Preferred Guest statement, received after his stay at the Hotel, awarded plaintiff points for staying at the Hotel. (plf. exh. 3). The accident report, filled out by Hotel staff after plaintiff's fall is a preprinted form, with the words "Starwood Hotels and Resorts Worldwide, Inc." at the top and at the bottom. (plf. exh. 11) The Hotel's name is not preprinted on the form but written by hand by the reporting personnel. (Id.).

Starwood argues that none of these pieces of evidence can support plaintiff's argument. It argues that some of the exhibits were not generated until after plaintiff's fall and therefore could not have been relied upon by him in choosing the hotel. While this is true, these exhibits do create an issue of fact whether Starwood knew of and acquiesced in Hotel's apparent authority, one of the factors necessary in proving apparent authority. Gilbert, 156 Ill. 2d at 525.

Starwood also argues that plaintiff's other exhibits cannot be used because he testified that he did not receive any documents with Starwood's name. This is not plaintiff's testimony. He testified that he might have received travel documents, but couldn't be sure. (def. exh. D at 12-13).[3] Looking at plaintiff's exhibits, documents were received, either by plaintiff himself

---

[3] Q: Did you receive any travel documents that had the name Starwood Worldwide on it?
A: Possibly, but I don't remember. I'd be lying if I said yes.
Q: Do you remember if you ever received any documents that had the Starwood Worldwide name

or his travel agent. Starwood argues that plaintiff could not have relied on Starwood's purported agency relationship with the Hotel if, in fact, his travel agent received the documents instead of plaintiff. But "an agent's knowledge is generally imputed to his principal if it is received while he is acting within the scope of his agency and concerns a matter within the scope of his authority." <u>Evanston Bank v. Conticommodity Services, Inc.</u>, 623 F. Supp. 1014, 1034 (N.D. Ill. 1985). There is sufficient evidence to permit a trier of fact to determine that plaintiff's travel agent was acting as his agent in receiving his travel documents. In addition, plaintiff testified that he asked his agent to book a Starwood hotel and that part of the transaction was completed while plaintiff was present. (def. exh. C at 15, 67)("my travel agent had made arrangements with the Danieli Hotel while I was present, by phone, and then subsequently followed up with an e-mail...").

Finally, plaintiff's testimony creates a genuine issue of fact as to whether he relied on the Hotel's apparent agency relationship with Starwood to his detriment. Plaintiff testified that, when he went to his travel agent to request a hotel in Venice, he requested a Starwood hotel because he had stayed at other Starwood hotels before and believed their quality to be superior. (def. exh. C at 67; D at 7, 8, 9, 17-18, 20). He also wanted to use the Starwood points that he had saved up from previous trips to partially pay for this one. (*Id.*). Using this information, his travel agent recommended the Hotel. (def. exh. C at 67). Plaintiff testified he was able to use his Starwood Points to pay for a portion of his stay at the hotel, and his proffered evidence shows that he earned points from his stay. (def. exh. D at 10-11; plf. exh. 3).

Starwood argues that plaintiff did not rely on the Hotel's apparent agency to his

---

along with the Hotel Danieli on the same document?
A: I want to say yes initially until I assume the Danieli was contacted by Starwood and Star– and Danieli – or Starwood contacted the travel agent and then it just became Danieli.

detriment. It cites the following exchange at plaintiff's deposition:

> Q: Would you have stayed at the Hotel Danieli - Venice if you hadn't accumulated Starwood Worldwide points?
> A: I don't know. Because, again, I asked for a hotel. I didn't ask for a Danieli. I asked for Starwood to give me a hotel in Venice.

(def. exh. D at 17-18). Starwood argues that this case is like the case of O'Banner v. McDonald's Corp., 173 Ill.2d 208, 670 N.E.2d 632 (1996). In that case a man sued McDonald's after slipping and falling in a restaurant bathroom. The court found that the plaintiff could not survive summary judgment because he could not demonstrate that he relied on the fact that the restaurant was a McDonald's when he decided to go in and use its bathroom:

> [Plaintiff's pleadings and affidavit] give no indication as to why he went to the restaurant in the first place. The fact that this was a McDonald's may have been completely irrelevant to his decision. For all we know, O'Banner went there simply because it provided the closest bathroom when he needed one or because some friend asked to meet him there.

*Id.* at 214. Starwood's attempt at analogy fails. Here, plaintiff's testimony is clear that the reason he chose the Hotel was not because it was the Hotel itself, but because it was a Starwood hotel in Venice for which he could pay using his Starwood points. He wanted a Starwood hotel because of the ability to use his points and because he had previously had good experiences staying at Starwood hotels. Based on the record, we cannot agree that plaintiff's reliance was unreasonable as a matter of law.

## CONCLUSION

For the foregoing reasons, Starwood's motion for partial summary judgment is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 16, 2008.