

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS M. SANTORA, )
)
    Plaintiff, )
)
vs. ) No. 05 C 6391
)
STARWOOD HOTEL AND RESORTS )
WORLDWIDE, INC., etc., et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Santora brought this action against Starwood Hotel and Resorts Worldwide, Inc., The Luxury Collection, Hotel Danieli-Venice, The Sheraton LLC, formerly ITT Sheraton Corporation, ("Sheraton LLC") and Sheraton International, Inc. ("Sheraton International"). Plaintiff alleges negligence in connection with injuries he sustained when he tripped and fell on a carpet runner while staying at the Hotel Danieli-Venice in Venice, Italy. Defendants Sheraton LLC and Sheraton International move to dismiss, arguing a lack of personal jurisdiction and failure of the plaintiff's second amended complaint to relate back to his original complaint. For the reasons stated below, we grant defendants' motions to dismiss.

## BACKGROUND

Plaintiff filed his original complaint against Starwood in the Circuit Court of Cook County, Illinois, alleging several state law claims arising from a trip-and-fall incident that occurred at the Hotel Danieli-Venice ("Danieli") in Italy, in 2004. Starwood removed the case to this district court and filed its answer on November 8, 2005. On March 2, 2006, it moved to dismiss the case pursuant to the doctrine of *forum non conveniens*, and included in its motion

the affidavit of Massimilliano Macaione, Italian general counsel to Starwood, who stated that Starwood did not own, operate or control the Danieli at the time of plaintiff's injury, and that the Danieli was operated by CIGA S.R.L. and CIGA Gestinoi S.R.L. ("the CIGA defendants"). Defendant's motion to dismiss was denied on May 15, 2006, and plaintiff was granted leave to amend his complaint to include these new defendants. Thereafter, on January 18, 2007, the CIGA defendants moved to dismiss plaintiff's complaint for lack of personal jurisdiction. That motion was granted on February 2, 2007.

On March 1, 2007, Starwood filed a motion for summary judgment, and on March 12, 2007, plaintiff initiated discovery against Starwood. As part of the discovery responses, plaintiff was tendered a letter which contained the general corporate structure of Starwood and its relation to the CIGA defendants. Included in that letter was information stating that at the time of the incident Starwood owned 100% of the stock of Sheraton International, Inc., which in turn wholly-owned Starwood Hotels Italia, which in turn owned 100% of the CIGA defendants. Based on this information, plaintiff sought to add ITT Sheraton Corporation, Sheraton International, Inc. and Sheraton Hotels Italia S.R.L./Starwood Hotels Italia S.R.L. ("the Sheraton defendants"), as parties to this action. Though we did not have as much information as we would have preferred in making such a determination, we erred on the side of caution and permitted plaintiff to add the new defendants, noting that those defendants could move to dismiss based on lack of notice or lack of personal jurisdiction at a later time. Now, Sheraton LLC, (formerly ITT Sheraton) and Sheraton International move to dismiss for lack of personal jurisdiction.

## DISCUSSION

A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Where jurisdiction is contested, the burden of establishing it rests on the plaintiff. Ballard v. Rawlins, 428 N.E.2d 532, 535 (Ill. App. Ct. 1981). When a motion to dismiss is decided without an evidentiary hearing, plaintiff need only make a *prima facie* showing that jurisdiction exists. Loos v. American Energy Savers Inc., 522 N.E.2d 841, 843 (Ill. App. Ct. 1988). All well-pleaded factual allegations in plaintiff's complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. Tobin for Governor v. Ill. Board of Education, 268 F.3d. 517, 521 (7th Cir. 2001).

A two-part inquiry must be made in determining if an Illinois court can exercise personal jurisdiction over a nonresident defendant: (1) whether Illinois' long-arm statute permits *in personam* jurisdiction and (2) whether the assertion of jurisdiction under the long-arm statute would be inconsistent with due process. First National Bank v. El Camino resources, LTD., 447 F. Supp. 2d 902, 905 (N.D. Ill. 2006). Subsections (a) and (b) of the Illinois' long-arm statute specifically provide enumerated instances in which Illinois courts have personal jurisdiction over parties. 735 ILCS 5/2 -209. Subsection (c) of the statute provides a catch-all provision that states that "[a] court may exercise jurisdiction on any other basis now or hereinafter permitted by the Illinois Constitution or Constitution of the United States." 735 ILCS 5/2 – 209(c). This subsection is to be treated as an independent basis for exercising personal jurisdiction over a defendant. Kostal v. Pinkus Dermatopathology Lab. P.C., 827 N.E.2d 1031, 1036 (Ill. App. Ct. 2005). Plaintiff does not argue that either defendant falls within one of the enumerated categories under subsections (a) or (b), and so we only discuss subsection (c).

The Seventh Circuit has held that subsection(c) must be read broadly to provide jurisdiction to the degree allowed by Illinois and the United States Constitution. Hyatt, 302 F.3d at 714-715. Furthermore, there is no operative difference between the limits imposed by the Illinois constitution and federal limits placed on personal jurisdiction. *See* Klump v. Duffus, 71 F.3d. 1368, 1371 (7th Cir. 1995). As a result, the two-step inquiry, looking at the Illinois long-arm statute and the U.S. Constitution, conflates into one, and this court will simply look at the Fourteenth Amendment's due process restrictions on the exercise of personal jurisdiction when considering whether either corporation has sufficient contact with Illinois to be subject to the state's courts.

Due process analysis under the Fourteenth Amendment requires that a defendant have sufficient minimum contact with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In order to perform a minimum contacts analysis, we must first determine whether plaintiff seeks to assert specific or general jurisdiction over the defendant. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of" or "related to" the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). In contrast, general jurisdiction is for suits neither arising out of, nor related to the defendant's contacts, and is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Id.* at 416. Relative to specific jurisdiction, general jurisdiction is a demanding standard that is considerably more stringent. First National Bank v. El Camino resources, LTD., 447 F. Supp. 2d at 906. Since plaintiff's injury occurred in Italy, it does not arise out of, and is not related to, any ties that defendants

may have to Illinois. Therefore, the proper standard by which to judge plaintiff's contacts is that of general jurisdiction.

A. <u>Minimum Contacts</u>

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. <u>International Shoe Co.</u>, 326 U.S. at 319. A defendant must purposefully avail itself of the privilege of conducting activities within the forum state. <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958). "Purposeful availment" means that the defendant will not be haled into court as a result of random, fortuitous, or attenuated contacts. <u>Keeton v. Hustler Magazine Inc.</u>, 465 U.S. 770, 774 (1984). A defendant is required to have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign. <u>Burger King</u>, 471 U.S. 462, 472 (1985).

Sheraton International and Sheraton LLC argue that they conduct no business in and have no ties with the State of Illinois, and that as a result this court cannot exercise personal jurisdiction over them. That is clearly so with respect to Sheraton International. Sheraton International offers the affidavit of Michael Dojlidko, the vice-president of the company, who affirms that Sheraton International, Inc. has no ties to this state (Dojlidko Aff., p. 2-3). He states that it is not, and never has been, incorporated in Illinois, and does not conduct any business here, own property, have bank accounts, offices or employees, or pay taxes. He also avers that Sheraton International does not make any sales or conduct marketing in Illinois. Plaintiff has offered no evidence to the contrary. Moreover, plaintiff has not alleged that Sheraton International has had a registered agent in the state. A *prima facie* case regarding personal jurisdiction has not been made by plaintiff, and Sheraton International's motion to dismiss is granted.

I. <u>Sheraton LLC – Agent Accepting Service of Process in Illinois</u>

Plaintiff's claim that this court has jurisdiction over Sheraton LLC must be analyzed in greater detail. Sheraton LLC came into existence in early 2006 (Dojlidko dep., p. 9).[1] Plaintiff's alleged injuries occurred in 2004, prior to Sheraton LLC's incorporation, when it was known as ITT Sheraton Corporation.[2] During much of this time the company was registered as a foreign corporation authorized to do business in Illinois, with an agent accepting service of process in the state. On September 14, 2006, this agent was withdrawn from accepting service in Illinois. Sheraton LLC, after its incorporation in early 2006, was never registered as a foreign corporation authorized to do business in Illinois (Dojlidko dep., p. 10)

Sheraton LLC argues that the only relevant ties are those it fostered with Illinois after its re-incorporation. The general rule under Illinois law is that a corporation that purchases the assets of another corporation is not liable for the debts and liabilities of the transferor. <u>Hernandez v. Johnson Press Corp.</u>, 388 N.E.2d 778, 779 (Ill. App. Ct. 1979). There are, however, several exceptions to this rule of corporate non-liability: (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. <u>Vernon v. Schuster</u>, 668 N.E.2d 1172, 1175 (Ill. 1997). Plaintiff proffers that the fourth exception should apply, arguing that Sheraton LLC went through this corporate shift in order to avoid liability for the alleged harms that have befallen plaintiff. He does not, however, offer any evidence to support this proposition, nor

---

[1] Dojlidko is also the vice-president of Sheraton LLC, and submitted an affidavit in support of its motion.

[2] It appears from the deposition of Dojlidko that ITT Sheraton actually changed its name to "The Sheraton Corporation" in the late 1990s, after it was purchased by Starwood (Dojlidko dep., p. 12). However, we use the ITT Sheraton name because that is what plaintiff uses, and to avoid confusion.

does he allege such a thing in his complaint.[3] A *prima facie* showing of personal jurisdiction must be based on either uncontroverted allegations in plaintiff's complaint, or where controverted by defendant's affidavits, by evidence and specific facts set forth in the record. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). Further, plaintiff cannot seek to amend his complaint by making new, unsupported allegations in his response to the motion to dismiss. Lapham-Hickey Steel Corp. v. A.G. Edwards Trust Co., 2003 U.S. Dist. Lexis 17988 *7 (N.D. Ill. 2003).[4] As such, this court will not look at any contacts that ITT Sheraton Corporation or The Sheraton Corporation may have had with Illinois in determining personal jurisdiction.

## II. Sheraton LLC – Franchises in Illinois

Plaintiff argues that the existence of several Sheraton franchises in Illinois results in this court's ability to exercise personal jurisdiction over Sheraton LLC. The standard rule is that corporate ownership alone is not sufficient for personal jurisdiction, and the jurisdictional contacts of a subsidiary corporation cannot be imputed to the parent. Central States, S.E. & S.W. Areas pension Fund v. Reimer Express World Corp., 230 F.3d 934, 943-944 (7th Cir. 2000). Similarly, the mere fact that a franchisor has franchisees in a particular state does not subject it to that state's jurisdiction. Oddi v. Mariner-Denver, Inc., 461 F. Supp. 306, 310 (D.C. Ind. 1978).

Illinois courts do recognize circumstances under which a subsidiary's jurisdictional contact can be carried over to the parent, but these are only in cases where either evidence has been provided that justified piercing the corporate veil, or when plaintiff shows that the

---

[3] Furthermore, Dojlidko testified that the corporate change was part of an internal restructuring of Starwood for tax purposes, and in preparation for a transaction involving the sale of hotels to another company (Dojlidko dep. at 27).

[4] It is entirely possible that this corporate change was one in which the purchaser is merely a continuation of the seller, causing it to fall under the third exception. In re-incorporating as Sheraton LLC, it does not seem as if any significant changes to the corporate infrastructure have taken place, or that the company's management has changed (Dojlidko dep., pp.11-12, 27). However, because plaintiff does not raise this argument, nor make such an allegation in his complaint, we do not address it.

subsidiary acted as the parent's agent. Salon Group, Inc., v Salberg, 156 F.Supp. 2d at 876. This second scenario, where the subsidiary acts as the parent's agent, applies only in the narrow instances where the parent is exercising greater than normal control of the subsidiary, or where the subsidiary has become an "empty shell". Purdue Research Foundation v. Sanofi-Synthelabo S.A., 338 F.3d 773, 788 (7th Cir. 2003). Plaintiff has made no specific claim that Sheraton LLC exercises a greater than average degree of control over its franchises, and the affidavit and deposition testimony of Dojlidko confirm that Sheraton LLC does not conduct any business in or possess any contacts with Illinois besides receiving franchise fees. Because plaintiff fails to offer evidence that a high degree of control exists, his argument fails.

B. Fair Play and Substantial Justice

In addition, a complete due process analysis also requires inquiry into whether the exercise of jurisdiction will offend "traditional notions of fair play and substantial justice." Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 105 (1987). Among the factors to be considered in making this inquiry are the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of several states in furthering fundamental social policies. Id. Of all these factors, however, the burden on the defendant forced to litigate in a foreign forum is still the primary concern. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 292. While the plaintiff's interest in obtaining relief is frustrated by defendants' lack of minimum contacts with Illinois, it does not leave them without remedy, as there are other states with which Sheraton LLC clearly has the minimum contacts necessary for the exercise of jurisdiction.[5] Moreover, the moderate difficulty plaintiff may face in finding another forum does not outweigh the fundamental unfairness of

---

[5] Though a problem may still remain as to Sheraton LLC's relationship to plaintiff's injury, implicating both the notice requirement we discussed in our previous opinion and issues of ultimate liability.

bringing Sheraton LLC into a state with which it has so few ties. It therefore cannot be said that in finding a lack of personal jurisdiction, this court has offended traditional notions of fair play and substantial justice.

Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over Sheraton LLC. Sheraton LLC's licensing of several franchises in Illinois does not qualify as "systematic and continuous," nor is it a sufficient enough connection to satisfy "traditional notions of fair play and substantial justice." It does not give Sheraton LLC proper warning that it may be haled into Illinois courts[6].

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss for lack of personal jurisdiction are granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 14, 2008.

---

[6] Since we hold that we do not possess personal jurisdiction over the Sheraton International or Sheraton LLC, we need not delve into the defendants' second claim, that plaintiff's Second Amended Complaint is time-barred.